# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3057 PA (AFMx) | Date | April 22, 2019 |
|---|---|---|---|
| Title | Egal Shahbaz v. Home Depot, Inc., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Home Depot, Inc. and Home Depot USA, Inc. ("Defendants") on April 19, 2019. (Docket No. 1.) Defendants assert that the Court has jurisdiction over the action brought against them by plaintiff Egal Shahbaz ("Plaintiff") on the basis of federal question jurisdiction. (Id. ¶¶ 3-4.) See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where a plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3057 PA (AFMx) | Date | April 22, 2019 |
|---|---|---|---|
| Title | Egal Shahbaz v. Home Depot, Inc., et al. | | |

one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, Defendants contend that the Court has federal question jurisdiction because "it appears from the Complaint that Plaintiff has filed a civil rights action, and his claims are founded on a claim or right arising under the laws of the United States." (Notice of Removal ¶ 3.) Defendants assert that "[m]ore specifically, it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. (Complaint ¶ 10) ('The foregoing constitutes a violation of 42 U.S.C. § 12182(b)(2)(A(iv), 28 C.F.R. § 36.304(b)(18), Americans with Disabilities Act of 1990 Standards of Accessible Design sections 4.1.2, 4.6.1 et seq., and A4.6.2 et seq. . . .); (Complaint ¶ 18) (same)." (Notice of Removal ¶ 4.)

The complaint contains only state-law causes of action for violations of California Civil Code sections 51, 54, and 54.1. (See Notice of Removal Ex. A.) Contrary to Defendants' assertions, Plaintiff's references to the ADA do not attempt to allege claims under the ADA but instead only support Plaintiff's state-law claims. See Cal. Civ. Code §§ 51(f), 54(c), 54.1(d) (providing that a violation of the ADA also constitutes a violation of these statutes); see also Shelley's Total Body Works v. City of Auburn, No. C07-126P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007) ("Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." (collecting cases)). Plaintiff's complaint does not purport to assert federal claims, and it is not "clear" that Plaintiff attempts to assert a federal claim with either of the complaint's causes of action. See Duncan, 76 F.3d at 1485.

For the foregoing reasons, Defendants have failed to satisfy their burden of showing that federal question jurisdiction exists. Accordingly, the Court remands this action to Los Angeles County Superior Court, case no. 19STLC01602, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.